15-1531-cr
*United States v. Zea*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand sixteen.

PRESENT:    JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*                                    No. 15-1531-cr

        v.

MARCOS ALONSO ZEA, AKA ALI ZEA,

        *Defendant-Appellant.*[*]

---

FOR UNITED STATES OF AMERICA:        MICHAEL P. CANTY (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

---

[*] The Clerk of Court is directed to amend the official caption to conform to the caption above.

**FOR DEFENDANT-APPELLANT:**  CHARLES F. WILLSON, Federal Public Defender's Office, District of Connecticut, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 1, 2015 judgment of the District Court is **AFFIRMED**, and we **DISMISS** the appeal of so much of the judgment as involves defendant-appellant's challenge to his sentence.

Defendant-appellant Marcos Alonso Zea ("Zea") appeals from a judgment of conviction entered by the District Court on May 1, 2015 following his plea of guilty to attempted provision of material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1), and obstruction and attempted obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2). Zea admitted to attempting to travel to Yemen with the intention of joining Ansar al-Sharia, otherwise known as al-Qaeda in the Arabian Peninsula, knowing it was designated a terrorist organization by the United States, and providing money to a co-conspirator to do the same. He also admitted to asking a friend to erase his hard drives because he knew that he was under investigation and did not want the government to learn that he had visited extremist websites. Zea was sentenced principally to terms of 180 months' imprisonment and 120 months' imprisonment, respectively, to run consecutively. This appeal followed.

On appeal, Zea argues that (1) his guilty pleas and convictions should be vacated because the District Court failed to inform him of certain rights enumerated in Federal Rule of Criminal Procedure 11(b)(1) before accepting his guilty pleas, and thus failed to ensure that those pleas were knowing and intelligent; and (2) even if his convictions stand, insofar as his appellate waiver is unenforceable, his sentence should be vacated and the cause remanded for resentencing because his sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A.**

Zea argues that during his change-of-plea colloquy, although "the District Court reviewed a number of rights that [he] would waive by pleading guilty," the Court "did not clearly review [his] rights to testify, to compel the attendance of witnesses, and have counsel at every stage," as required by Rule 11(b)(1)(D) and (E), "nor did the Court review the appellate or collateral attack waivers," as required by Rule 11(b)(1)(N). Def. Br. 6, 13.

The parties agree that, because Zea did not object to the District Court's purported deviation from the requirements of Rule 11(b)(1), his challenge is subject to the plain-error standard of review.

2

*See United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006) ("[W]here a defendant raises on appeal a claim of Rule 11 error that he did not raise in the district court, that claim is reviewable only for plain error."). To satisfy this standard, Zea "must demonstrate, *inter alia*, that (1) there was error, (2) the error was plain, and (3) the error prejudicially affected his substantial rights," meaning, in this case, "a reasonable probability that, but for the error, he would not have entered the plea."[1] *Id.* (brackets and internal quotation marks omitted); *see also* Fed. R. Crim. P. 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights.").

We conclude that Zea has failed to satisfy the plain-error standard. Even if Zea has established that the District Court's purported omissions constituted error that was "plain" under Rule 11(b)(1)(D), (E), and (N)—which the government seemed to concede at oral argument—he has failed to demonstrate "a reasonable probability that, but for the error[s], he would not have entered the [guilty] plea[s]." *Torrellas*, 455 F.3d at 103 (internal quotation marks omitted). Zea states in an affidavit—which was prepared for the specific purpose of responding to assertions in the government's brief—that, "[h]ad the [District] Court explained these points to me clearly, including all of the rights that I was waiving, I likely would not have pleaded guilty at that time." Def. Supp. Br., Aff. 3. But Zea points to no evidence in the record that supports this assertion, nor even evidence that suggests that he did not understand any of his rights. In fact, defense counsel had discussed Zea's plea agreement with him before the change-of-plea hearing and expressed his belief during the hearing that Zea had understood "the rights he would be waiving by entering [his] plea." Gov't App. 11. Moreover, with respect to the appellate waiver in particular, even if the District Court imprecisely or inaccurately described the scope of the waiver during the hearing, when Zea executed the plea agreement containing the waiver he attested that he had "read the entire agreement and discussed it with [his] attorney," and that he understood "all of its terms," which he orally confirmed during the change-of-plea hearing. Gov't App. 5, 21–22.

In sum, because Zea has not demonstrated a reasonable probability that he would not have pleaded guilty but for the purported Rule 11(b)(1) errors, or even that he misapprehended his rights when he pleaded guilty, his guilty pleas and consequent convictions must be sustained.

Nevertheless, we take this opportunity—in exercise of our supervisory authority over the district courts and the members of the bar of this Court, *see, e.g.*, *United States v. Ming He*, 94 F.3d 782, 792–93 (2d Cir. 1996)—to remind the District Court that "[w]e have adopted a standard of strict adherence to Rule 11," and that "[t]echnical errors can be avoided if a district or magistrate judge

---

[1] In determining whether a Rule 11 error affected a defendant's substantial rights, we have recently explained that, "[i]f the misinformation in all likelihood would not have affected a defendant's decision-making calculus, then the error would be harmless, and the guilty plea need not be vacated." *United States v. Pattee*, 820 F.3d 496, 505 (2d Cir. 2016) (internal quotation marks omitted). "In short, [defendant] must show that the district court's error had an effect on his decision to plead guilty." *Id.* (internal quotation marks omitted).

has a standard script for accepting guilty pleas, which covers all of the required information." *United States v. Pattee*, 820 F.3d 496, 503 (2d Cir. 2016) (internal quotation marks omitted). We also remind "[p]rosecutors and defense attorneys [of their] obligation to make sure that [Rule 11] is followed." *Id.* As we recently explained, "[d]efense attorneys have an obligation to ensure that their clients are fully informed of their rights before entering a plea of guilty, and that a plea that is in the client's interest is properly entered," and "[i]t is therefore [their] responsibility, and is in the client's interest, to object if all elements of Rule 11 are not covered." *Id.* Similarly, "[t]he government also has an interest in assuring that the plea proceeding is done correctly, both to protect the defendant's rights in the interest of justice, and to protect the record and avoid time-consuming appeals by defendants who subsequently suffer 'buyer's remorse' and wish they had not pled guilty." *Id.* Accordingly, they "too should alert the judge to any provisions [of Rule 11] that have been missed," by referring to a checklist or otherwise. *Id.* In sum, "it should be a simple matter for district and magistrate judges to avoid any error by adhering literally to the script required by [Rule 11], and for prosecutors and defense counsel to be aware of the Rule's requirements and point out to the court any failure to follow them." *Id.* (internal quotation marks omitted).

Accordingly, we direct the Clerk of Court to convey a copy of this order to the Chief Judge of each of the Districts within the Circuit, with the request that Part A of this order be brought to the attention of all District Court Judges and Magistrate Judges in their respective Districts.

**B.**

Zea also argues that, even if his convictions stand, insofar as his appellate waiver is unenforceable, his sentence should be vacated and the cause remanded for resentencing because his sentence is procedurally and substantively unreasonable.

We decline to reach this argument because we conclude, based on the record before us and for the reasons discussed above, that Zea's waiver is valid and enforceable, and that it bars Zea's challenge to his sentence. Zea had agreed "not to file an appeal or otherwise challenge . . . the conviction or sentence in the event that the Court impose[d] a term of imprisonment of 300 months or below." Gov't App. 3. The District Court imposed a total sentence of 300 months' imprisonment. Accordingly, the waiver bars Zea's sentencing challenge, and that portion of Zea's appeal must be dismissed.

## CONCLUSION

We have considered all of the defendant-appellant's arguments and find them to be without merit. Accordingly, we **AFFIRM** the District Court's May 1, 2015 judgment of conviction, and we **DISMISS** the appeal of so much of that judgment as involves defendant-appellant's challenge to his sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk